IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GWENDOLYN ADAMS, :
        Plaintiff, :
v. : Civ. No. 16-065-RGA
CITY OF WILMINGTON, et al., :
        Defendants. :

## MEMORANDUM ORDER

At Wilmington this \_\_2\_\_ day of November, 2017;

1. Plaintiff was ordered to file an answering brief to Defendants' motion for sanctions and to stay the proceedings on or before October 27, 2017, after Plaintiff failed to comply with her discovery obligations and court orders and failed to appear at her scheduled July 20, 2017 deposition. (*See* D.I. 34, 35). Plaintiff failed to respond to the Court's order to file a response even though she was warned that her failure would result in dismissal of the case with prejudice. (*See* D.I. 36).

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary

1

caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

3. Several factors warrant the sanction of dismissal including Plaintiff's individual failure to comply with court orders and Plaintiff's individual failure to attend her scheduled deposition, thus prejudicing Defendants' ability to prepare their defense. Plaintiff's failure are her personal responsibility, and therefore is willful. Her actions indicate bad faith or that she has abandoned the lawsuit. Lesser sanctions would accomplish nothing.

THEREFORE IT IS ORDERED that:

1. Defendants' motion for sanctions is GRANTED. (D.I. 34).

2. The Complaint is DISMISSED with prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to CLOSE the case.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE